Singh v. Lynch

BIA
Nelson, IJ
A087 768 657

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT=S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand sixteen.

PRESENT:
        JOSÉ A. CABRANES,
        GERARD E. LYNCH,
        CHRISTOPHER F. DRONEY,
            *Circuit Judges.*

_____

SATPAL SINGH,
        *Petitioner,*

        v.                                          14-3820
                                                    NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Jaspreet Singh, Jackson Heights,
                         New York.

FOR RESPONDENT:          Benjamin C. Mizer, Acting
                         Assistant Attorney General; Edward
                         E. Wiggers, Senior Litigation
                         Counsel; Aimee J. Carmichael,
                         Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Satpal Singh, a native and citizen of India, seeks review of a September 12, 2014, decision of the BIA affirming a June 18, 2013, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Satpal Singh,* No. A087 768 657 (B.I.A. Sept. 12, 2014), *aff'g* No. A087 768 657 (Immig. Ct. N.Y.C. June 18, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision, including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications governed by the REAL ID Act, like Singh's, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies between the applicant's statements and other

2

evidence, "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the IJ's adverse credibility determination, which was based on inconsistencies among Singh's testimony, his asylum application, and his documentary evidence.  For instance, Singh testified that he joined his political party on May 5, 2005, but his asylum application gave the date as October 2005.  Singh's explanation for the inconsistency, that he is not mentally well and he forgets things, would not compel a reasonable fact-finder to credit his testimony.  He remembered a precise date at the merits hearing, and his claim of memory problems is not supported by the medical evidence he introduced.  *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanation for inconsistencies unless the explanations would compel a reasonable fact-finder to do so).

3

Singh also testified that he saw a doctor on the day that he was beaten, and was later hospitalized. His asylum application omitted reference to any medical treatment. This omission is significant because it relates to the sole instance of alleged persecution. *Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent."); *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that an "inconsistency afforded substantial evidence to support the adverse credibility finding" where it related to "an example of the very persecution from which [the applicant] sought asylum" (internal quotation marks omitted)).

Singh's testimony further contradicted his documentary evidence with respect to when documents were sent to him. When asked why he submitted documents late, he stated that they were initially sent to the wrong address five or six months before the June 2013 merits hearing; he later clarified that the documents were first sent to him in January 2013. However, an affidavit from Singh's father, which was included in this set of documents, was dated either March or May 2013. Singh was unable to provide any explanation for this inconsistency.

4

Finally, the IJ reasonably found that Singh's lack of corroborating evidence further undermined his credibility. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Nor was the IJ required to give weight to the evidence Singh did submit. A letter from Singh's political party did not include any details about him, despite Singh's statement in his asylum application that he spoke with the president of his party's unit after he was beaten. Letters from his wife and father did not include any details regarding the problems Singh had faced in India, were not properly notarized, were prepared for purposes of litigation, and were written by parties not available for cross-examination. These findings were not erroneous. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight accorded to evidence "lies largely within the discretion of the IJ" (brackets and internal quotation marks omitted)); *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to the agency's decision to afford limited weight to a relative's letter).

5

Given the inconsistencies and lack of corroboration, substantial evidence supports the agency's adverse credibility determination, which is dispositive of the claims for asylum, withholding of removal, and CAT relief. *Xiu Xia Lin*, 534 F.3d at 167; *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Because the credibility determination is dispositive, we do not reach the agency's alternative finding that Singh had otherwise failed to meet his burden of proof. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6